## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

YONATANE TEKLEWYENE SEMER,　）
　　　　　　　　　　　　　　　　）
　　　　　　Petitioner,　　　　　）
　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　）　　Case No. CIV-26-238-SLP
　　　　　　　　　　　　　　　　）
TODD BLANCHE et al.,　　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　Respondents.[1]　　　 ）

## **O R D E R**

Petitioner, Yonatane Teklewyene Semer, represented by counsel, filed a Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and

Recommendation [Doc. No. 14] (R&R) of United States Magistrate Judge Shon T. Erwin.

The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed

an Objection [Doc. No. 15], Petitioner has filed a Response to the Objection [Doc. No. 16],

and the matter is at issue[2].

The Court reviews de novo any portion of the R&R to which the parties have made

*specific* objections.[3]  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other

---

[1] Todd Blanche was announced as Acting Attorney General on April 2, 2026. He replaces Pamela Bondi and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d). Markwayne Mullin was confirmed as Secretary of the Department of Homeland Security on March 23, 2026. He replaces Kristi Noem and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Citations to the parties' briefing submissions and record reference the Court's ECF pagination.

[3] In their Objection, Respondents state they "re-assert, adopt by reference, and do not waive the arguments set forth in [their] Response . . . ." *See* Obj. [Doc. No. 15] at 1.  Respondents' attempt to incorporate by reference the entirety of the arguments raised in their Response [Doc. No. 10] is not a *specific* objection to the findings and conclusions of the Magistrate Judge.  Accordingly, the Court does not find such incorporation is sufficient to warrant de novo review as to those

issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS IN PART the R&R and GRANTS IN PART the Petition.

## I.    Background

Petitioner is a citizen of Eritrea who was ordered removed from the United States on May 4, 2016. Although Petitioner was ordered removed to Eritrea, or in the alterative, Italy, Immigrations and Customs Enforcement (ICE) officials entered an order on August 9, 2016, informing Petitioner he would not be released at that time because he posed a flight risk. However, attempts to remove Petitioner were unsuccessful and on November 22, 2016, he was released under an Order of Supervision (OOS). Following an arrest for moving violations, Petitioner was issued a new (amended) OOS on March 16, 2018.

On July 16, 2025, Petitioner was encountered during his in-person check-in appointment, at which time ICE re-detained Petitioner and determined he would be held in custody pending removal. A travel document request form was submitted to ICE headquarters for review on December 4, 2025, and forwarded to officials in Eritrea on December 26, 2025. Petitioner is currently detained in the Cimarron Correctional Facility.[4]

---

arguments. *See Laber v. Hegseth*, No. 23-3157, 2025 WL 1511795, at *7 (10th Cir. May 28, 2025) (unpublished) (finding a party's incorporation of arguments from prior motion a "disfavored practice").

[4] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 13, 2026).

On February 10, 2026, Petitioner filed this action. He claims violations of the Immigration and Nationality Act (INA) and applicable ICE regulations. R&R [Doc. No. 14] at 2-3. He further contends that there is no significant likelihood of his removal in the reasonably foreseeable future under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that his continued detention violates due process and the Administrative Procedures Act. *Id.* Petitioner also requests a declaratory judgment that he is detained pursuant to 8 U.S.C. § 1231(a)(1), that he has previously demonstrated to ICE's satisfaction that there is no significant likelihood of his removal in the reasonably foreseeable future, that ICE did not rebut his prior showing, and that until ICE rebuts this showing, Petitioner may not be re-detained. *Id.*; Pet. [Doc. No. 1].

## II.    Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to release Petitioner from custody immediately, under the terms of his previous Order of Supervision. The Magistrate Judge also recommended Respondents to certify compliance by filing a status report within five business days of the Court's Order. Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's Administrative Procedures Act and due process claims. Similarly, the Magistrate Judge recommended that the Court need not address Petitioner's request for declaratory judgment and permanent injunctive relief.

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that the Court has jurisdiction to review re-detention. Respondents argue that the decision to re-detain Petitioner for the purposes of executing a removal qualifies as an

3

action to "execute [his] removal order" and that the Court lacks jurisdiction to hear Petitioner's claim.  8 U.S.C. § 1252(g); Obj. [Doc. No. 15] at 2.  The Court concurs with the Magistrate Judge's jurisdictional analysis and, having thoroughly reviewed the Objection, rejects Respondents' argument that § 1252(g) deprives the Court of jurisdiction to review Petitioner's claims.  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *2 (W.D. Okla. Jan. 21, 2026), which noted the Supreme Court's emphasis that "§ 1252(g) must be read narrowly and applies only to the three discrete actions expressly listed in the statue." *Id*. (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)).  Respondent's reliance on a Third Circuit decision is not persuasive in light of "the Supreme Court's consistent use of an exceedingly narrow construction on the jurisdiction channeling provisions" of § 1252.  *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *5 (W.D. Okla. Dec. 26, 2025); *see Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 147 (W.D.N.Y. 2025) (distinguishing the "*brief*" "door-to-plane" detention challenged in *Tazu* from a challenge to "ICE's ability to hold [the petitioner] in detention without adequate process for weeks and months on end.")

Respondents also object to the R&R on the grounds that the regulatory violation under 8 C.F.R. § 241.13 is not a reason to grant habeas relief because the harmless error standard applies. Obj. [Doc. No. 15] at 4-6.

As an initial matter, Respondents do not object to the Magistrate Judge's finding that a regulatory violation occurred and it is understandably so.  In their Response to the Petition, Respondents unequivocally stated that "Petitioner's Order of Supervision was

4

issued under 8 C.F.R. § 241.4, and revocation was governed by § 241.4(l)(2)." Resp. to Pet. [Doc. No. 10] at 9. Respondents were expressly ordered to provide documentation in their Response with any applicable Orders of Supervision, which they failed to do. R&R [Doc. No. 14] at 10. After significant analysis by the Magistrate Judge under both § 241.4 and § 241.13, Respondents conceded, although somewhat impliedly, that their previous assertions to this Court were incorrect. In their Objection to the R&R, Respondents stated that "it is the undersigned's understanding that Petitioner's Order of Supervision was issued pursuant to 8 C.F.R. § 241.13 rather than § 241.4." Obj [Doc. No. 15] at 4. Strikingly, after making such a concession, Respondents continued to argue that an alleged violation of § 241.4 was harmless error. *Id.* ("Should the Court find that a regulatory violation occurred under *either 8 C.F.R. § 241.13 or § 241.4*, Respondents assert that…")

The Court is perplexed by Respondents' compounding errors in this case and their non-compliance with the Magistrate Judge's explicit instructions. Regardless of these multiple missteps, because the conclusion of the 8 C.F.R. § 241.13 violation was not challenged in their Objection, the issue is waived and the Court need not address it. However, Respondents are admonished not to waste the Court's limited judicial resources due to their failure to adequately follow the Court's instructions and accurately brief the facts of its case.

The Court disagrees that a violation of 8 C.F.R. § 241.13 is harmless error and adopts the reasoning set forth in *Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4-6 (W.D. Okla. Feb. 20, 2026), where this Court has previously addressed, in a more detailed Order, this same issue. In *Owdetallah*, this Court found that regulatory

violations under § 241.13 implicate due process concerns even without a prejudice inquiry. *Id*. Accordingly, such violations are grounds for granting habeas relief to a petitioner. *Id*. In this case, the Court concurs with the Magistrate Judge's findings that Respondents failed to meet their burden of showing changed circumstances warranting Petitioner's re-detention under § 241.13. Accordingly, the Court agrees with the Magistrate Judge's recommendation that Petitioner is entitled to habeas relief, on these grounds.

The Court agrees with the Magistrate Judge's recommendation that it should decline to address Petitioner's remaining arguments for habeas relief. The undersigned and other judges within this judicial district have found that granting release is appropriate where Respondents have failed to demonstrate changed circumstances justifying revocation of an Order of Supervision under § 241.13(i)(2). *See Pham v. Bondi*, No. CIV-25-1157, 2025 WL 3243870, at *1 (W.D. Okla. Nov. 20, 2025); *see also, e.g., Tung Tran v. Blanche*, No. CIV-25-1357-G, 2026 WL 1181700, at *3 (W.D. Okla. April 30, 2026); *Ye v. Bondi*, No. CIV-25-1230-D, 2025 WL 3485420, at *3 (W.D. Okla. Dec. 4, 2025); *but see Bahadorani v. Bondi*, No. 25-CV-1091-PRW, 2025 WL 3048932 at **3-4 (W.D. Okla. Oct. 31, 2025).

Respondents re-assert arguments in their Objection that Petitioner has failed to meet his burden of showing there is reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, under the *Zadvydas* framework. *See* Obj. [Doc. No. 15] at 7. Even though the Court need not address this argument, it appears that Petitioner would also be entitled to relief on the basis of his *Zadvydas* claim. The Court adopts the reasoning set forth in *Khaliq v. Noem*, No. CIV-25-1154-SLP, 2026 WL 196631,

6

at *6-10 (W.D. Okla. Jan. 26, 2026), where this Court has previously addressed, in a more detailed Order, this same issue.

The record indicates that Petitioner's re-detention exceeds the presumptively reasonable six-month period at the time of filing the Petition. *See Zadvydas v. Davis*, 533 U.S. 678, 701. Thus, he has established a prima facie *Zadvydas* claim. *See id*. at *7. Further, Petitioner has shown good cause to believe that there is no significant likelihood of removal in the foreseeable future. The record shows that it has been almost ten years since Petitioner's 90-day removal period expired and Respondents are yet to obtain travel documents allowing for Petitioner's removal from the United States.

Respondents fail to rebut Petitioner's showing that there is no significant likelihood of removal in the foreseeable future. In the Objection, Respondents rely on the sworn declaration of Enforcement and Removal Operations (ERO) deportation officer Romeo Foncha to rebut Petitioner's showing. Obj. [Doc. No. 15] at 7; Foncha Decl. [Doc No. 10-1], ¶ 29. In support of this statement, the ERO asserts that Petitioner is a "priority for removal" given the Eritrean government's "increased acceptance of its citizens." Foncha Decl. [Doc No. 10-1], ¶ 29. Officer Foncha further states that "ERO is *actively* working in conjunction with the United States Department of State to effectuate Semer's removal to either Eritrea or Italy." *Id.* at ¶ 27. This evidence is rather threadbare, particularly given the fact that communications with the Italian and Eritrean embassies began in 2016. *Id.* at ¶ 7. Further, it appears that two separate travel document requests were made to the Italian and Eritrean embassies, in 2016 and 2025. *Id.* at ¶ 7, 24, 25. To date, neither embassy appears to have issued travel documents to Petitioner. Under these circumstances, the

passage of time takes on more significance as inaction and/or lack of progress is precisely what *Zadvydas* guards against. *Khaliq v. Noem, No. CIV-25-1154-SLP, 2026 WL 196631, at *9* (W.D. Okla. Jan. 26, 2026). Accordingly, the Court finds that Petitioner's removal is not significantly likely in the reasonably foreseeable future. Petitioner is also entitled to habeas relief under the *Zadvydas* framework.

### III.   Conclusion

IT IS THEREFORE ORDERED as follows:

1.   The Court ADOPTS IN PART the Report and Recommendation [Doc. No. 14] to the extent that the failure to adhere to 8 C.F.R. § 241.13 compels habeas relief under the circumstances of this case and GRANTS the Petition for Writ of Habeas Corpus [Doc. No. 1] to the extent it seeks habeas relief pursuant to 28 U.S.C. § 2241. Petitioner's remaining claims and requests for relief are DISMISSED WITHOUT PREJUDICE.

2.   The Court ORDERS that Petitioner be released from custody immediately, subject to the terms of his most recent Order of Supervision issued on March 16, 2018.

IT IS SO ORDERED this 21st day of May, 2026.

_____
**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**